## Armstrong v. Commonwealth.

(Decided March 19, 1929.)

562

W. O. SMITH for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Charlie Armstrong and Roscoe Nails were indicted in the Muhlenberg circuit court under section 1241a-1, Kentucky Statutes, for the crime of confederating and banding together for the purpose of injuring Dr. Ed. Porter. Armstrong was placed on trial. He was found guilty and his punishment was fixed at five years' imprisonment. He appeals.

No objection is made to any error of the court during the trial. The only ground upon which a reversal is asked is the overruling of the motion for a continuance. When the case was called for trial, the two defendants filed an affidavit, in which they stated in substance these facts: W. O. Smith was their attorney. At the preceding term of the court he informed them that he had an understanding and agreement with the commonwealth attorney, E. J. Felts, whereby it was agreed that Felts, on behalf of the Commonwealth, would agree that they be prosecuted only for assault and battery, and that Felts would ask that a jury be impaneled to try the case as one for assault, and not on the charge of banding and confederating together for the purpose of injuring Dr. Porter, and that but for said agreement they would have given, in due season, notice to the commonwealth attorney that they would move the court to grant a change of venue to some other county, upon the ground that neither of them could have a fair trial in Muhlenberg county because of the universal prejudice and bias throughout the county. They also filed the affidavit of W. O. Smith, their attorney, who stated that during the last regular April term

of the court he discussed with the commonwealth attorney the question of punishment to be inflicted upon the defendants, and that Felts agreed with him that he would ask the jury to find them guilty of assault and battery only, and he would not ask the jury to find them guilty of the offense of banding and confederating together, as charged in the indictment. He also stated that but for the understanding and agreement between him and Felts he would have, in due time, moved the court to grant them a change of venue upon the ground that they could not obtain a fair and impartial trial in Muhlenberg county because of the universal prejudice and bias existing against them in the county. Felts filed his affidavit, in which he stated that he had no recollection of making any agreement with Smith as to what he would do in the case; that he did not know the facts of the case until that term of the court as he did not see the witnesses until then; and, in substance, that his custom was to make such recommendations to juries only after he knew the facts of the case. By section 1109, Kentucky Statutes, the judge of the court may order the trial of any criminal or penal prosecution to be had in another county, if it appears that the defendant or the commonwealth cannot have a fair trial in the county where the prosecution is pending. By section 1110, the application by the defendant for a change of venue must be made by petition in writing, verified by him, and the applicant must produce and file the affidavits of at least two other credible persons, not of kin nor of counsel, stating that they are acquainted with the state of public opinion in the county and that they verily believe the statement of the petition to be true. Reasonable notice of the application must be given to the commonwealth attorney, or, in his absence from the county, to the county attorney. The application must be made and determined in open court and the court shall, on the motion, hear all the witnesses that may be produced by either party and from the evidence determine whether or not the applicant is entitled to a change of venue.

If on the calling of the case the defendants had filed their petition for a change of venue, supported by proper affidavits, the agreement of the commonwealth attorney would have been a good reason for their not having given him previous notice of the application. The court then could have heard the matter and could have decided the motion just as well as if there had been no agreement on

the subject. If the defendants had been misled by the commonwealth attorney, the court, no doubt, upon a showing of this would have given time, if necessary, to prepare their petition and affidavits. But this they did not seek. The statute was not complied with. The court could not, on the showing they made, change the venue. The agreement of the commonwealth attorney was a good excuse for their not having given previous notice and not having the papers ready to file; but it was no reason why, if they desired a change of venue, they could not in a reasonable time have gotten up the necessary petition and affidavits and submitted the question of a change of venue to the court.

The facts presented not a reason for the continuance of the case until the next term, but at the most only a reason for giving them time to prepare and present the petition for a change of venue. There was no reason shown for a continuance of the case, and this is what it seems the defendants really wanted. There is no showing that, at the time appellants' attorney talked with the commonwealth attorney, he informed him that he contemplated asking a change of venue, or that the commonwealth attorney had any notice that he would seek this. It is the duty of such an officer to prosecute all cases to the extent that the ends of justice require and he may not know what course he should follow until he talks with the witnesses and learns the facts of the case. The defendant should not be misled, but the court did not err in refusing a continuance of the case here, for the defendant did not make a motion for a change of venue or ask time to do so. This he should have done if he had been misled by the commonwealth attorney. The affidavits do not show that the affiants are acquainted with public opinion in the county or disclose facts showing that a fair trial could not be had there or that appellant was in any wise prejudiced. The case was in fact tried at Greenville. The parties all live at Central City, some miles from Greenville. The trouble was entirely local and it is hard to believe that there was any general prejudice against the defendants in other parts of the county, or that a fair jury might not be obtained, considering the number of peremptory challenges allowed by law in such a case.

Judgment affirmed.